B1040 (FORM 1040) (12/15)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| RONALD E. STADTMUELLER, Chapter 7 Trustee | JEFFERY LY |

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Timothy J. Truxaw, Esq. / Gary E. Slater, Esq.
Slater & Truxaw, LLP
15373 Innovation Dr., Suite 210
San Diego, CA 92128
Tel: (858) 675-0755 Fax: (858) 675-0733

**ATTORNEYS** (If Known)
Ahren A. Tiller, Esq.
Bankruptcy Law Center
1230 Columbia St., Suite 1100
San Diego, CA 92101
Tel: (800) 492-4033 Fax: (866) 444-7026

**PARTY** (Check One Box Only)
- ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor ☐ Other
- ☒ Trustee

**PARTY** (Check One Box Only)
- ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C. 727, AND FOR DECLARATORY RELIEF

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☒ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint
Demand: N/A - see complaint

Other Relief Sought: objection to discharge [11 USC § 727(a)(2,3,4,5)]; declaratory relief [28 USC § 2202, et seq.]

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| JEFFERY LY | 17-06498-LT7 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Southern District of California | | Hon. Laura S. Taylor |

B1040

B1040 (Page 2) (12/15)

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| August 30, 2018 | Timothy J. Truxaw |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

1  Gary E. Slater (State Bar No. 99141)
   Timothy J. Truxaw (State Bar No. 106428)
2  SLATER & TRUXAW, LLP
   15373 Innovation Drive, Suite 210
3  San Diego, California 92128
   Tel: (858) 675-0755
4  Fax: (858) 675-0733
   Email: tjt@slatertruxaw.com; ges@slatertruxaw.com
5
   Attorneys for Plaintiff,
6  Ronald E. Stadtmueller, Chapter 7 Trustee

7

8  **UNITED STATES BANKRUPTCY COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10 | In re | ) | Case No.: 17-06498-LT7
11 | JEFFERY LY, | ) | Chapter 7
12 | Debtor. | ) | **Adv. Proceeding No.:** _____
13 | RONALD E. STADTMUELLER, | ) | **COMPLAINT OBJECTING TO**
14 | Chapter 7 Trustee, | ) | **DISCHARGE UNDER 11 U.S.C. § 727**
   |  | ) | **AND FOR DECLARATORY RELIEF**
15 | Plaintiff, | )
16 | v. | ) | Dept: Three (Rm. 129)
   |  | ) | Judge: Hon. Laura S. Taylor
17 | JEFFERY LY, | )
18 | Defendant. | )

19

20     Ronald E. Stadtmueller, chapter 7 trustee (*"Plaintiff"*) of the bankruptcy estate of the
21 above-named debtor, Jeffery Ly (*"Defendant"*), alleges as follows:

22     **JURISDICTION, VENUE AND COMMON FACTS**

23     1.     On October 27, 2017 (*the "Petition Date"*), Defendant commenced the above-
24 captioned bankruptcy case (*the "Case"*) by the filing of his voluntary petition for relief under
25 chapter 7 of the Title 11, United States Code (*the "Bankruptcy Code"*), and an order for relief
26 was entered thereon.

27     2.     Pursuant to an order of the above-captioned United States Bankruptcy Court for
28 the Southern District of California (*the "Court"*), Plaintiff was appointed and, at all times herein

-1-

mentioned, is and has been duly-qualified, appointed and serving as the trustee of Defendant's chapter 7 bankruptcy estate (*the "Estate"*).

3. Plaintiff commences this adversary proceeding pursuant to Rules 4004(a), 7001(4) and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), seeking relief including without limitation a judgment barring Defendant from receiving a discharge under §727 of the Bankruptcy Code in this Case, and for related declaratory relief pursuant to 28 U.S.C. § 2202, et seq.

4. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 727, 28 U.S.C. § 157, 28 U.S.C. § 1334, and General Order No. 312-E of the United States District Court for the Southern District of California, in that it arises in or related to a case under Title 11 of the United States Code, and shall be referred to the bankruptcy judges of the Southern District of California pursuant to pursuant to 28 U.S.C. §§ 151 and 157, and by said General Order.

5. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Plaintiff consents to the entry by the Bankruptcy Court of a final judgment in this proceeding.

6. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in the Case now pending herein under the Bankruptcy Code.

7. Plaintiff is informed and believes, and thereon states that Defendant has failed to keep or preserve books, records, documents and papers from which his financial condition or business transactions can be ascertained at times relevant to the relief sought by Defendant in the Case; and, to the extent that such books, records, documents and papers exist, Defendant has failed or refused to fully disclose and turn them over to Plaintiff.

8. Plaintiff is informed and believes, and thereon states that, although requested to do so by Plaintiff or his counsel of record in this Case, Defendant has failed to explain satisfactorily losses of assets, or a deficiency of assets to meet Defendant's liabilities, at times relevant to the relief sought by Defendant in the Case, such assets not being accounted for and losses not explained including without limitation substantial sums of cash received by

Defendant, withdrawn by Defendant from his financial accounts, or both, during the last two years prior to the Petition Date.

9. Plaintiff is informed and believes, and thereon states that Defendant failed to make accurate, true and complete disclosures in his schedules and statement of financial affairs verified under oath and filed by Defendant in the Case respecting the matters referred to above, and such incomplete, omitted or inaccurate representations by Defendant were intentional or reckless and occurred, among other reasons, because Defendant knew or should have known that he failed to fully and timely disclose and report to the Trustee significant funds and other property of the Estate, as well as pre-petition transfers of funds and other property which would have been property of the Estate had they not been transferred (collectively, the "*Omissions*").

9.1. Defendant represented in at item #8 of his Statement of Financial Affairs (Doc. 1, pg. 60) that, within one year prior to the Petition Date, he made no (-0-) payments or transfers of property on account of a debt which benefitted an insider. Plaintiff is informed and believes, and thereon alleges, in truth and in fact, during the year prior to the Petition Date, Defendant paid or otherwise transferred hundreds of thousands of dollars worth, including substantial sums of money and property which otherwise would be property of the Estate, to insiders, as that term is defined in 11 U.S.C. § 101(31)(A) or as otherwise non-statutory insiders described in applicable case authorities, such as *Friedman v. Sheila Plotsky Brokers, Inc. (In re Friedman)*, 126 B.R. 63, 69-70 (9th Cir. B.A.P. 1991) (collectively, *"Insider Transfers"*).

9.2. Defendant has affirmatively represented to Plaintiff that the Insider Transfers include cash payments to insider creditors, including approximately $68,900 in preferential transfers to creditors Darlene Lee, Sharlene Lee and Jenny Chau, as further described in <u>Exhibit "A"</u> attached hereto. However, Plaintiff is informed and believes, and thereon states that recipients of such cash Insider Transfers contend that some or all of such transfers were not actually received by them, and that some of the same and other creditors of Defendant contend that they made substantial cash payments to Defendant during the same periods, including for example transfers of $10,000 and $150,000, which Defendant has failed to fully disclose, account for and turn over to Plaintiff.

1   9.3. Defendant affirmatively represented in at item #15 of his Statement of Financial Affairs (Doc. 1, pg. 61) that he did not "lose anything because of ... gambling" within one year prior to the Petition Date. Plaintiff is informed and believes, and thereon alleges, that Defendant regularly visited gambling establishments and traveled to Las Vegas during the year prior to the Petition Date, expending in cash alone withdrawn from bank accounts which otherwise would have been property of the Estate (in addition to any other sources) sums totaling in excess of $24,000, as further described in Exhibit "A" attached hereto (the "Gambling Payments").

9.4. Plaintiff's counsel has requested that Defendant produce all corroborating documents, records, receipt, and other evidence supporting the loss, payment or other disposition of the cash described in Exhibit "A" attached hereto (which document was provided to Plaintiff by Defendant), but Defendant has asserted that he failed to maintain and, on that basis, he has failed, to turn over any supporting documents confirming or corroborating any his representations regarding the disposition of such cash Insider Transfers, the Gambling Payments, and each of them.

## **FIRST CLAIM FOR RELIEF**

### **[Objection to Defendant's Discharge Under 11 U.S.C. § 727(a)(2)]**

10. Plaintiff realleges and incorporates by this reference paragraphs 1 through 9, including all subparagraphs thereof, of this complaint as though fully set forth herein.

11. Bankruptcy Code § 727(a)(2) provides in relevant part, that:

(a) The court shall grant the debtor a discharge, unless–
. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition... .

12. Plaintiff is informed and believes, and thereon alleges that Defendant, with intent

to hinder, delay or defraud Plaintiff and creditors of the Estate, transferred or concealed, or permitted the transfer or concealment, of such property within one year of the Petition Date, or property of the Estate after the Petition Date and, therefore, the Court should enter its order and judgment herein denying Defendant's discharge under Bankruptcy Code § 727(a)(2).

### SECOND CLAIM FOR RELIEF

**[Objection to Defendant's Discharge Under 11 U.S.C. § 727(a)(3)]**

13. Plaintiff realleges and incorporates by this reference paragraphs 1 through 12, including all subparagraphs thereof, of this complaint as though fully set forth herein.

14. Bankruptcy Code § 727(a)(3) provides in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless–
> . . .
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case... .

15. Plaintiff is informed and believes, and thereon alleges that Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which Defendant's financial condition or business transactions might be ascertained and, therefore, the Court should enter its judgment herein denying Defendant's discharge in the Case under Bankruptcy Code § 727(a)(3).

### THIRD CLAIM FOR RELIEF

**[Objection to Defendant's Discharge Under 11 U.S.C. § 727(a)(4)]**

16. Plaintiff realleges and incorporates by this reference paragraphs 1 through 15, including all subparagraphs thereof, of this complaint as though fully set forth herein.

17. Bankruptcy Code § 727(a)(4) provides in relevant part, that:

> (a) The court shall grant the debtor a discharge, unless–
> . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case–
> (A) made a false oath or account;
> (B) presented or used a false claim;
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

    (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.... .

18. Plaintiff is informed and believes, and thereon alleges that Defendant knowingly and fraudulently, in or in connection with the Case, made a false oath or account, or withheld from Plaintiff recorded information, including books, documents, records, and papers, relating to Defendant's property or financial affairs, within the meaning of Bankruptcy Code § 727(a)(4), including without limitation, Defendant knowingly and fraudulently, in or in connection with the Case, made one or more false oaths or accounts, or withheld from Plaintiff recorded information, in the statements of financial affairs made, executed and filed under oath by Defendant in the Case; and by virtue of Defendant knowing and false representations, and the oath he regarding the veracity of such submissions, testimony and representations to the Court and/or Plaintiff; and, therefore, the Court should enter its judgment herein denying Defendant's discharge in the Case under Bankruptcy Code § 727(a)(4).

## **FOURTH CLAIM FOR RELIEF**

### **[Objection to Defendant's Discharge Under 11 U.S.C. § 727(a)(5)]**

19. Plaintiff realleges and incorporates by this reference paragraphs 1 through 18, including all subparagraphs thereof, of this complaint as though fully set forth herein.

20. Bankruptcy Code § 727(a)(5) provides in relevant part, that:

(a) The court shall grant the debtor a discharge, unless–
    . . .
    (4) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.... .

21. Plaintiff is informed and believes, and thereon alleges that Defendant has failed to explain satisfactorily the loss, disposition and deficiency of assets to meet his liabilities and, therefore, the Court should enter its judgment herein denying Defendant's discharge in the Case under Bankruptcy Code § 727(a)(5).

## **FIFTH CLAIM FOR RELIEF**

### **[Declaratory Relief - 28 U.S.C. § 2201, et seq.]**

22. Plaintiff realleges and incorporates by this reference paragraphs 1 through 21,

including all subparagraphs thereof, of this complaint as though fully set forth herein.

23. As alleged more fully hereinabove, Plaintiff contends that Defendant is are not entitled to a chapter 7 discharge of any of his indebtedness referred to herein under multiple recited provisions of Bankruptcy Code § 727(a).

24. Plaintiff is informed and believes, and thereon states that Defendant disputes and denies Plaintiff's contentions regarding the facts and conclusions alleged above.

25. Plaintiff seeks and is entitled to a declaratory judgment against Defendant pursuant to 28 U.S.C. § 2202, et seq., finding, concluding and adjudging that Plaintiff is entitled to the relief prayed above with respect to each of Plaintiff's contentions herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and requests the following relief against Defendant herein:

(1) with respect to the First Claim, that the Court enter a judgment denying Defendant's discharge under Bankruptcy Code § 727(a)(2);

(2) with respect to the Second Claim, that the Court enter a judgment denying Defendant's discharge under Bankruptcy Code § 727(a)(3);

(3) with respect to the Third Claim, that the Court enter a judgment denying Defendant's discharge under Bankruptcy Code § 727(a)(4);

(4) with respect to the Fourth Claim, that the Court enter a judgment denying Defendant's discharge under Bankruptcy Code § 727(a)(5);

(5) with respect to the Fifth Claim, that the Court find, conclude and enter a judgment granting the declaratory relief prayed by Plaintiff under 28 U.S.C. § 2202, *et seq.*; and

(6) with respect to all claims, that Plaintiff recover Plaintiff's attorney's fees, costs and such other and further relief as the Court may deem to be just and proper in this proceeding.

Dated: August 30, 2018        SLATER & TRUXAW, LLP

By: __/s/ Timothy J. Truxaw__
Timothy J. Truxaw
Attorneys for Ronald E. Stadtmueller,
Chapter 7 Trustee, Plaintiff

| Date | Account | Why | To What Recepient | Purpose of Funds |
|---|---|---|---|---|
| 10/28/2016 | $ 800.00 | Recreation | Jeffery Ly | General use |
| 10/29/2016 | $ 5,100.00 | Pay Creditor | Darlene Lee | Payment in cash |
| 11/2/2016 | $ 2,500.00 | Recreation | Jeffery Ly | General use |
| 11/4/2016 | $ 1,865.00 | Pay Creditor | Darlene Lee | Payment in cash |
| 11/5/2016 | $ 100.00 | Recreation | Jeffery Ly | Going out Downtown Gaslamp |
| 11/9/2016 | $ 40.00 | Recreation | Jeffery Ly | General use |
| 11/11/2016 | $ 140.00 | Recreation | Jeffery Ly | General use |
| 11/19/2016 | $ 1,005.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 11/19/2016 | $ 505.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 11/29/2016 | $ 504.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 12/11/2016 | $ 60.00 | Recreation | Jeffery Ly | General use |
| 12/12/2016 | $ 40.00 | Recreation | Jeffery Ly | General use |
| 12/17/2016 | $ 506.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 12/17/2016 | $ 63.00 | Recreation | Jeffery Ly | General use |
| 12/24/2016 | $ 506.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 12/27/2016 | $ 1,006.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 12/27/2016 | $ 1,006.99 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 12/27/2016 | $ 200.00 | Recreation | Jeffery Ly | General use |
| 1/13/2017 | $ 102.50 | Recreation | Jeffery Ly | General use |
| 1/21/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 1/23/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 1/23/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 1/30/2017 | $ 100.00 | Recreation | Jeffery Ly | General use |
| 2/10/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/12/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/12/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/10/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/10/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/11/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/13/2017 | $ 1,000.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/13/2017 | $ 505.38 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/13/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/15/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/15/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/16/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/16/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/16/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/16/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/16/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/17/2017 | $ 500.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/17/2017 | $ 500.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/17/2017 | $ 500.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/17/2017 | $ 253.23 | Recreation | Jeffery Ly | Use for entertainment at casino |

| Date | Amount | Category | Name | Description |
|---|---:|---|---|---|
| 2/22/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 2/22/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 3/6/2017 | $ 1,398.73 | Recreation | Jeffery Ly | Travel in Iceland |
| 3/24/2017 | $ 700.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 3/24/2017 | $ 500.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 3/25/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 3/27/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 3/27/2017 | $ 504.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 4/10/2017 | $ 1,004.00 | Recreation | Jeffery Ly | Use for entertainment at casino |
| 4/12/2017 | $ 3,000.00 | Pay Creditor | Darlene Lee | Payment in cash |
| 4/14/2017 | $ 660.00 | Recreation | Jeffery Ly | General use |
| 4/18/2017 | $ 10,000.00 | Pay Creditor | Sharlene Lee | Payment in cash |
| 4/24/2017 | $ 200.00 | Recreation | Jeffery Ly | General use |
| 4/25/2017 | $ 11,390.50 | Pay Creditor | Sharlene Lee | Payment in cash |
| 4/26/2017 | $ 203.00 | Recreation | Jeffery Ly | General use |
| 5/5/2017 | $ 525.00 | Recreation | Jeffery Ly | General use |
| 5/8/2017 | $ 2,545.97 | Pay Creditor | Darlene Lee | Payment in cash |
| 5/15/2017 | $ 9,000.00 | Pay Creditor | Sharlene Lee | Payment in cash |
| 5/26/2017 | $ 7,000.00 | Pay Creditor | Sharlene Lee | Payment in cash |
| 6/5/2017 | $ 5,000.00 | Pay Creditor | Jenny Chau | Payment in cash |
| 6/6/2017 | $ 9,000.00 | Pay Creditor | Jenny Chau | Payment in cash |
| 6/8/2017 | $ 5,000.00 | Pay Creditor | Jenny Chau | Payment in cash |
| 6/9/2017 | $ 820.00 | Recreation | Jeffery Ly | General use |
| 6/12/2017 | $ 203.50 | Recreation | Jeffery Ly | Use for entertainment at casino |